ANDREW E. SPENCER, PLAINTIFF IN ERROR, V. WILLIAM
J. THISTLE, DEFENDANT IN ERROR.

**Practice in Supreme Court.** A motion for a rehearing must
distinctly specify the grounds upon which it is based.

APPLICATION for rehearing of case reported 13 Neb., 227.

*Burr & Marshall,* for the application.

BY THE COURT.

A motion for a rehearing was filed in this cause as fol-
rows: "Now comes the defendant in error by his attorneys,
Burr & Marshall, and upon the grounds stated in the brief
for a rehearing, and substantiated by the additional por-
tion of the record, both herewith filed, moves the court to
grant a rehearing of this action, and for such other further
or different relief in the premises as this court may deem
just."

Rule 16 provides that: "A motion for a rehearing may
be filed as of course at any time within thirty days from
the filing of the opinion of the court in the case. Such
motion must distinctly specify the ground upon which it
is based, and be accompanied by a printed brief of the
argument of counsel, and the authorities cited in its sup-
port," etc.

A motion is a pleading, and as such goes upon the record,
but a brief is supposed to contain merely the argument of
counsel and the authorities in support of the motion. The
motion must contain the reasons why a rehearing is desired,
so that if it is sustained, the adverse party may be advised
of the questions to be reconsidered on the rehearing. Under
the code a motion must distinctly specify the object sought.
The motion in this case is too indefinite to justify the court
in granting a rehearing. It must therefore be overruled.

MOTION OVERRULED.